UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-23315-CIV-ALTONAGA/Simonton

**BRIAN H. SQUIRE**,

    Plaintiff,
vs.

**GEICO GENERAL INSURANCE COMPANY**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiff, Brian H. Squire's ("Squire['s]") Verified Motion for Award of Attorney's Fees ("Motion") [ECF No. 30], filed January 9, 2013. The Court has carefully reviewed the parties' written submissions and applicable law.

### I.   BACKGROUND

Squire filed this suit in the Circuit Court of the Eleventh Judicial Circuit alleging bad faith against Defendant, Geico General Insurance Company ("Geico"), and legal malpractice and breach of fiduciary duty against James K. Clark and Clark & Robb P.A. ("Firm Parties"). (*See* Compl. [ECF No. 1-3]). On September 11, 2012, Geico removed this case from the state court (*see* Notice of Removal [ECF No. 1]), asserting federal subject matter jurisdiction founded on diversity of citizenship, pursuant to 28 U.S.C. section 1332(a). Geico maintained that Squire had fraudulently joined the two Firm Parties, and advised it would be filing a motion to sever the Firm Parties on the basis of fraudulent joinder/procedural misjoinder. (*See* Removal Status Report 2–3 [ECF No. 7]). On October 5, 2012, Squire filed a Motion for Remand and for Attorney's Fees ("Motion to Remand") [ECF No. 14], which the Court granted in an Order dated

November 2, 2012. (*See* Order [ECF No. 23]). With regard to Squire's entitlement to fees, the undersigned stated:

> Pursuant to 28 U.S.C. section 1447(c), when a case is remanded due to improper removal, attorney's fees and costs may be due the plaintiff. (*See* Mot. 12). The Supreme Court has established a standard to guide district courts in deciding whether to award attorney's fees and costs upon remand. "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Eleventh Circuit has noted that the reasonableness standard enunciated by the Supreme Court was meant to balance "'the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.'" *Bauknight v. Monroe Cnty., Fla.*, 446 F.3d 1327, 1329 (11th Cir. 2006) (quoting *Martin*, 546 U.S. at 140). Thus, "there is no indication that a trial court should ordinarily grant an award of attorney's fees whenever an effort to remove fails." *Kennedy v. Health Options, Inc.*, 329 F. Supp. 2d 1314, 1319 (S.D. Fla. 2004).
>
> \*    \*    \*
>
> [T]he substance of the Complaint, when viewed in light of Defendants' exceedingly high burden and the presumption in favor of Plaintiff, demonstrates a lack of procedural misjoinder. The core of Defendants' first argument — that the claim against Geico and the claims against the Firm Parties are "distinct torts committed by different defendants at different times" (Resp. 10) — is patently unreasonable given the allegations pegging each cause of action to each individual Defendant's role in refusing the same settlement offers. And although the Complaint surely could have used the words "joint, several, or alternative liability," there is no doubt that Plaintiff's attempt to collect damages from Defendants for a singular harm for acts and omissions arising out [of] the same occurrence substantively accomplished the same. As such, Defendants' belief in their procedural misjoinder arguments, even if in good faith, was not objectively reasonable. As such, Plaintiff is entitled to his attorney's fees incurred as a result of the improper removal.

(*Id.* 8-10).

In the present Motion, Squire submits the qualifications of his attorneys, Judd G. Rosen, and Michael T. Flanagan; he provides photocopies of orders awarding Mr. Rosen fees at the

hourly rate of $400-$500 (*see* Ex. A [ECF No. 30-1]); and he supplies affidavits of the attorneys showing the time and services they engaged in from the time of removal of the case to its remand (*see* Exs. B and C [ECF No. 30-1]). In the affidavits, Mr. Rosen, an attorney with twelve years' experience, applies a $500 hourly rate for his services; Mr. Flanagan, an associate with two years' experience, bills at an hourly rate of $350. (*See id.*). Squire's attorneys are handling this case on a contingency fee basis. (*See* Mot. ¶ 4). For under two months' work spent on this case during its brief sojourn here, Squire seeks $17,935.00 in fees.

Geico does not contest Squire's entitlement to fees; it only disputes the reasonableness of the fees requested. (*See* Response 2 [ECF No. 31]). Geico suggests $2,595.00 represents a reasonable attorney's fee award. (*See id.*). Geico arrives at that reduced total by proposing different hourly rates for Squire's attorneys commensurate with its own attorneys' rates and prior awards given to Mr. Rosen in the underlying state case, and challenging specific time entries in the work of Mr. Rosen and Mr. Flanagan. Geico supplies the affidavit of its attorney (s*ee* [ECF No. 31-1]), which informs that the partners working on the Geico case bill at $200/hour and the associates bill at $150/hour.

Squire replies that Geico's attorneys bill at lower hourly rates than his attorneys do because his attorneys are retained on a contingency fee basis, undertaking a risk Geico's attorneys do not undertake. (*See* Reply 2-3 [ECF No. 33]). While acknowledging Mr. Rosen was paid at a $400/hour rate in the underlying action, Squire asks that the Court award the full hourly rates submitted in the Motion or alternatively allow him the opportunity to present expert testimony at an evidentiary hearing. (*See id.* 3). Squire insists the time his lawyers spent in seeking remand was reasonable because Geico's Notice of Removal presented novel and complex legal issues (*see id.* 4), and the award Geico suggests is unreasonable (*see id.* 6).

## II.     STANDARD

The framework for the award of attorney's fees to prevailing plaintiffs is articulated in *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988), and *Hensley v. Eckerhart*, 461 U.S. 424 (1983). The analysis of any fee award begins with the determination of the "lodestar." "[T]he lodestar figure–the product of reasonable hours times a reasonable rate–represents a 'reasonable' fee." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (finding the lodestar figure enjoys a strong presumption of reasonableness). Lodestar has "become the guiding light of our fee-shifting jurisprudence." *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

The burden of establishing the fee request is reasonable rests with the fee applicant, who must supply the court with "specific and detailed evidence" in an organized fashion. *Norman*, 836 F.2d at 1303. Where the documentation is inadequate, the court may reduce the award accordingly. *See id.* (citations omitted); *Hensley*, 461 U.S. at 433. Thus, the Plaintiff bears the burden of establishing the requested hourly rate is a reasonable one, *cf. Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994), and that the fees do not arise from "hours that are excessive, redundant, or otherwise unnecessary," *Hensley*, 461 U.S. at 434; *see ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). Because the Court is considered an expert on the reasonableness of attorney's fees, it "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of testimony of witnesses as to value." *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940) (citations omitted). Courts have broad discretion to determine what fees are reasonable under the circumstances. *See Martinec v. Party Line Cruise Co.*, 350 F. App'x 406, 407 (11th Cir. 2009) ("'The determination of a reasonable fee pursuant to § 216(b) of the [FLSA] is left to the sound

discretion of the trial court . . . .'") (first alteration in original) (quoting *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1543 (11th Cir. 1985)).

Additionally, finding the product of reasonable hours times a reasonable rate does not end the inquiry. *See Hensley*, 461 U.S. at 434. Other considerations may lead a court to adjust the lodestar, such as the results obtained. *See id.* Thus, when awarding fees, the Court must allow meaningful review of its decision by "articulat[ing] the decisions it made, giv[ing] principled reasons for those decisions, and show[ing] its calculation." *Norman*, 836 F.2d at 1304 (citation omitted).

### III.   ANALYSIS

Geico contests the reasonableness of the requested attorney's fees, challenging them on the related grounds that the hourly rates are unreasonable and the hours claimed are not reasonable. The Court addresses the parties' discrete arguments in turn.

#### A.   Reasonable Hourly Rates

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. Squire bears the burden of demonstrating with satisfactory evidence that his counsels' rates are reasonable. *See Brooks v. Peer Review Mediation & Arbitration, Inc.*, No. 11-61630-Civ, 2012 WL 5410405, at *3 (S.D. Fla. Nov. 6, 2012). Evidence may consist of direct evidence of charges by lawyers under similar circumstances, or opinion evidence. *Norman*, 836 F.2d at 1299. As stated, Squire has elected not to present expert testimony on this issue in order to reduce costs, although he has offered to do so at an evidentiary hearing (which to date he has not requested). (*See* Reply 3 & n.2). The Court itself is "'an expert on the question and may consider its own knowledge and experience concerning reasonable and proper

fees and may form an independent judgment either with or without the aid of witnesses as to value.'" *Norman*, 836 F.2d at 1303 (quoting *Campbell*, 112 F.2d at 144). Consequently, the Court considers the evidence adduced with Squire's Motion and Geico's contrary affidavit, case law, as well as its own knowledge and experience, in determining the reasonableness of the hourly rates Squire suggests.

The Court must conclude that Squire's proposed hourly rates are indeed too high. First, the two state court orders (*see* Ex. A) supplied by Squire contain no analysis that articulates "principled reasons," *Norman*, 836 F.2d at 1304, in support of the attorney's fee awards made therein. The first order, entered in the underlying suit, awards Mr. Rosen $400/hour, with that hourly rate merely written in by hand in a space provided in what appears to be in large part a form order. The second order is even more lacking in any analysis, consisting of lines written in by hand in a blank typed form, awarding fees to three attorneys, among them, Mr. Rosen for $500/hour and Mr. Flanagan for $350/hour. The Court notes that at the time of this second order (July 31, 2012) containing the high rates awarded and which Squire requests here, Mr. Rosen had been practicing law for some eleven years, and Mr. Flanagan was still in his first year of practice, having been admitted to the Florida Bar in September 2011. These two orders provide the Court with little to no assistance in evaluating the reasonableness of the very high rates requested by Squire.

Turning, then, to Geico's submission, the Court notes that Geico's counsel, B. Richard Young, has been admitted to practice since 1984, and with almost thirty years' experience, bills at a $200/hour rate, while Megan Hall, an associate admitted to practice in Florida since 2007, billed in this case at $150/hour. Those attorneys, however, practice in Pensacola, Florida. "[T]he 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's

services is 'the place where the case is filed.'" *Rynd v. Nat'l Mut. Fire Ins. Co.*, No. 8:09-CV-1556-T-27TGW, 2012 WL 939387, at * 14 (M.D. Fla. Jan. 25, 2012) (quoting *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999)). Attorney rates in Miami, Florida are generally higher than those in Pensacola, Florida.

On January 31, 2013, the Court awarded fees to plaintiff's counsel in a Fair Labor Standards Act ("FLSA") case litigated extensively by experienced attorneys in this District. *See Reppert v. Mint Leaf, Inc.*, No. 11-21551-Civ-Altonaga, (S.D. Fla. Jan. 31, 2013), [ECF No. 114]. After consideration of far greater materials submitted by the parties in that case, as compared to the scant record here, the Court awarded an hourly rate of $375/hour to an attorney with twenty-seven years' experience, and awarded an hourly rate of $325 to an attorney with ten years' experience. That order also examined recent decisions in this District, one of which reduced an eighth year associate's billing rate from $475 to $400 and reduced the first year associate's rate from $325 to $200. *See CC-Aventura, Inc. v. Weitz Co., LLC*, No. 06-21598-Civ, 2008 WL 276057, at *2 (S.D. Fla. Jan. 31, 2008). In *Estrada v. Alexim Trading Corp.*, No. 10-23696-CIV, 2012 WL 4449470, at *7–8 (S.D. Fla. Sept. 26, 2012), the court rejected a fee request for $450/hour for an experienced lead FLSA attorney, reducing that rate to $325/hour, and noting $325/hour was at the "upper end of reasonableness" for an FLSA case.

While this is not an FLSA case, the controversy in question concerns efforts undertaken to obtain remand of a case improperly removed to federal court. Under the present circumstances, given the experience of the attorneys and the rates customarily awarded to attorneys who practice in this District, the Court is persuaded that Mr. Rosen should be compensated at the reasonable hourly rate of $325/hour, and Mr. Flanagan should be compensated at the reasonable hourly rate of $150/hour.

B.      **Reasonable Hours**

Fees arising from "hours that are excessive, redundant, or otherwise unnecessary" should be excluded from an award of attorney's fees. *Hensley*, 461 U.S. at 434. The party seeking fees must supply the Court with "'specific and detailed evidence' in an organized fashion." *Machado v. DaVittorio, LLC*, No. 09-23069-CIV, 2010 WL 2949618, at *1 (S.D. Fla. July 26, 2010) (quoting *Norman*, 836 F.2d at 1303). For its part, as the party objecting, Geico must supply "specific and reasonably precise" "proof . . . concerning hours that should be excluded." *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (internal quotation marks omitted) (quoting *Norman*, 836 F.2d at 1301). If a court finds the number of hours claimed to be unreasonable, it has two choices: "conduct an hour-by-hour analysis or . . . reduce the requested hours with an across-the-board cut." *Bivens v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citation omitted).

Geico is correct that the hours billed by Squire's counsel in relation to reviewing a six-page Notice of Removal, preparing a twelve-page Motion to Remand, reviewing the response to the Motion to Remand and drafting a reply (which was never filed), are unreasonably high, and several entries are impermissibly block billed. *See Bujanowski v. Kocontes*, No. 8:08-CV-0390-T-33EAJ, 2009 WL 1564263, at *2 (M.D. Fla. Feb. 2, 2009) ("[B]lock billing . . . refers to the practice of including multiple distinct tasks within the same time entry. Block-billing makes it very difficult for a court to determine the specific amount of time spent by an attorney . . . on each task.") (internal quotation marks and citation omitted). Geico makes several objections to the number of hours claimed, and these are addressed below.

Geico asserts Mr. Rosen spent too much time on entry one of his affidavit pertaining to review of the Notice of Removal and case law cited there (2.5); for entry two, block billing for

8

the review of legal authorities on a number of legal issues (13.5); and for entry three on reviewing Geico's response to the Motion for Remand and case law cited there (3.5). Geico similarly disputes the time Mr. Flanagan spent on his entry one for reviewing the Notice of Removal and legal authorities (6.5); for entry two on drafting the Motion to Remand (9.0), and for reviewing Geico's response to the Motion to Remand and law cited (2.0). While Geico maintains all of these entries show far more time than was necessary for the described work, the Court is not prepared to agree. It is unclear what percentage of Mr. Rosen's and Mr. Flanagan's practice is in federal court, but it would not be unreasonable for these attorneys to undertake the research and analysis they did when the suit they filed in state court was removed. Similarly, however, the Court cannot agree with Squire that the Notice of Removal presented novel and complex legal issues (*see* Reply 4), justifying all of the hours spent in legal research. The Court notes that fees are being awarded to Squire precisely because Geico lacked an objectively reasonable basis for seeking removal.

Geico further objects to the 13.5 hours claimed by Mr. Rosen in entry two because it constitutes improper block billing. (*See* Resp., 9). "The court has broad discretion in determining the extent to which a reduction in fees is warranted by block billing." *Bujanowski*, 2009 WL 1564263, at *2 (citing cases). Squire fails to address the objection to Mr. Rosen's block-billing on this entry.

Rather than engage in an hour-by-hour analysis, the Court prefers a partial across-the-board cut. Consequently, for senior attorney and partner Mr. Rosen, the 13.5 hours block-billed in entry two and which relate in part to the legal issues raised by the Notice of Removal are reduced by thirty percent to 9.45. *See Gundlach v. Nat'l Ass'n for the Advancement of Colored People, Inc.*, No. 303CV1003J32MCR, 2005 WL 2012738, at *4 (M.D. Fla. Aug. 16, 2005)

(assessing an across-the-board reduction of thirty percent due to block billing). The 17.5 hours claimed by first-year associate Mr. Flanagan are not reduced.

Lastly, Geico challenges entries covering work that was unnecessary (Squire's preparation of a reply memorandum in support of his Motion to Remand that was never filed before the case was remanded); work necessitated by Squire's counsel and not the result of anything Geico did (motion for extension of time to file the never-filed reply memorandum); and clerical tasks (filing papers with the Court). With regard to the attorneys' time spent on preparing a reply memorandum, while that work proved ultimately not to be necessary for the Court to be able to rule on the Motion to Remand, Squire did not know this and acted responsibly in preparing its brief addressing Geico's arguments against remand. Such work was done only because of Geico's wrongful removal in the first instance, and is properly charged to Geico. With regard to work associated with Squire petitioning for more time to file papers, that work, too, was undertaken because the case was in federal court rather than in the state court where similar filing deadlines do not need to be met. However, as to clerical tasks, the Court agrees with Geico that filing papers in federal court is the work of paralegals or secretaries, not work that requires a license to practice law. Consequently, entries 3 (0.2) and part of 6 (0.2) in Mr. Flanagan's affidavit are not compensable time.

## IV.   CONCLUSION

Consistent with the foregoing analysis, Squire is entitled to recover **$8,801.25**, consisting of $5,996.25 for Mr. Rosen (18.45 hours at the hourly rate of $325) and $2,805 for Mr. Flanagan (18.7 hours at the hourly rate of $150), as Squire's reasonable attorney's fees.

Accordingly, it is hereby

CASE NO. 12-23315-CIV-ALTONAGA

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 30]** is **GRANTED in part**. The Court finds, based on the evidence presented, that the amount of Plaintiff's reasonable and recoverable attorney's fees is $8,801.25.

**DONE AND ORDERED** in Miami, Florida, this 7th day of February, 2013.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record